GWJ/lmw  #

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DANIELS SHARPSMART, INC., ) <br> 111 West Jackson Boulevard, #720 ) <br> Chicago, Illinois  60604 ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> COMPREHENSIVE WASTE ) <br> STREAM CONSULTING, LLC ) <br> 21 Jacobs Lane ) <br> Scotch Plains, New Jersey  07026 ) <br> ) <br> and ) <br> ) <br> GARY McDERMOTT ) <br> 21 Jacobs Lane ) <br> Scotch Plains, New Jersey  07026 ) <br> ) <br> Defendants. ) | CASE NO. <br><br> JUDGE |

## COMPLAINT

Plaintiff, Daniels Sharpsmart, Inc. ("Daniels"), by its undersigned attorneys, and for its Complaint ("Complaint") against Defendants, Comprehensive Waste Stream Consulting, LLC ("Comprehensive") and Gary McDermott ("McDermott") (Comprehensive and McDermott are collectively referred to as "Defendants"), hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a case about Defendants' improper and unauthorized receipt and retention of money that was – and continues to be – earmarked for Daniels and their subsequent conversion of that money for their own benefits. This case also is about Comprehensive's separate breach of contract with Daniels by failing to pay over $600,000 for services that Daniels performed for Defendants' principal.

2. By way of this Complaint, Daniels seeks damages for breach of contract and conversion, and for the imposition of a constructive trust on all amounts that Defendants have received, and will continue to receive, from their principal for Daniels's services.

**PARTIES**

3. Daniels is a Delaware corporation with its principal place of business in Chicago, Illinois. It designs, develops, manufactures, markets, and sells reusable sharps container systems for the disposal of needle-inclusive bio-hazard medical products, such as syringes, blood collection devices, and IVs. It is a party to that certain agreement dated July 26, 2012, with Comprehensive whereby it agrees to perform certain sharps-waste-collection and disposal services for the benefit of University Hospitals Health System ("UH"), which is located at 3605 Warrensville Center Road, Shaker Heights, Ohio 44122 (the "Daniels Agreement," a copy of which is attached hereto as *Exhibit A*). Daniels is also directly a party with UH to a certain "Sharpsmart Collection and Disposal Service Agreement" dated June 1, 2008, and that certain "Master Service Agreement (Sharps & Regulated Medical Waste Collection and Disposal)" dated September 1, 2015 (collectively, the "UH Agreements," copies of which are attached hereto as group *Exhibit B*).

4. Comprehensive is a New Jersey limited liability company with its principal place of business in Scotch Plains, New Jersey. On its website, it promotes itself as being a "technical expert to review, update, monitor, and improve the policies and practices of proper waste segregation, storage, handling, recycling, volume minimization, and removal in a regulatory compliant, environmentally sound,

2

user friendly and cost effective manner." It is a party to the Daniels Agreement. It is also an agent of UH in connection with the facilitation of Daniels's services for the benefit of UH and UH's payment to Daniels for those services.

5. Gary McDermott is the president and member of Comprehensive, and on information and belief is domiciled in New Jersey. McDermott is also an agent for UH in connection with the facilitation of Daniels's services for the benefit of UH and UH's payment to Daniels for those services.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendants, as Defendants have performed services and conducted business on behalf of UH in the State of Ohio, all work of the contracts takes place in Ohio and Defendants have consented to the jurisdiction of this Court pursuant to section 5 of the Daniels Agreement whereby they acknowledged: "Any disputes arising hereunder shall be brought in the Federal court in Cleveland, Ohio." (*Ex. A*, at § 5, p. 4)

7. This Court has subject-matter jurisdiction of this controversy pursuant to 28 U.S.C. § 1332(a), as the parties are completely diverse – Defendants are domiciled in the State of New Jersey, while Daniels is an Illinois domiciliary, and the amount in controversy exceeds $75,000.00, exclusive of attorneys' fees and interest.

8. Venue is proper in this Court as the Daniels Agreement specifically provides for exclusive venue in Federal Court in Cleveland, Ohio, and pursuant to 28 U.S.C. § 1391(a)(2) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events, acts, and omissions giving rise to the Complaint, including the provision of the subject services, occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

9. Daniels is in the business of making healthcare safer through the safe management and disposal of sharps, regulated medical waste, pharmaceutical waste and Resource Conservation and Recovery Act ("RCRA") waste.

10. Daniels' focus on reduction of sharps and needlestick injuries, has resulted in a unique system of reusable sharps containers (also known as needle boxes or sharps bins) placed throughout the hospitals to collect sharps, including but not limited to, used syringes and needles and scalpels.

11. Defendants are in the business of providing integrated waste management consulting services. Both Comprehensive and McDermott have acted, and continue to act, as an agent for UH in connection with the services that Daniels performs for UH, under the UH Agreements.

12. Specifically, on or about July 26, 2012, Daniels and Comprehensive entered into the Daniels Agreement whereby Daniels agreed to provide labor, services, and materials to both Comprehensive and UH for the treatment of sharps and biomedical waste during the term of Comprehensive's contract with UH, a network of hospitals located in and around Cleveland, Ohio. In turn, Comprehensive agreed in the Daniels Agreement (Exhibit A) to pay Daniels for all services that Daniels performed and materials provided.

13. Nevertheless, Comprehensive failed to pay for the materials and services that Daniels provided pursuant to the terms of the Agreement.

14. On February 16, 2015, Daniels notified Comprehensive that the outstanding balance on its account was $519,088.98 and informed Comprehensive, in accordance with paragraph 2(C) of the Agreement, of its right to terminate the Agreement within thirty days. A true and correct copy of the February 16, 2015 letter is attached hereto and incorporated herein by reference as *Exhibit C*.

15. As a follow-up to the February 16, 2015 letter, on March 13, 2015, Daniels, this time through counsel, again notified Comprehensive of the past due balance owed to Daniels and its right to terminate the Agreement, and further, extended an offer to Comprehensive whereby it would forbear from legal action to collect the amount owed provided Comprehensive agreed to certain conditions outlined in the letter. A true and correct copy of the March 13, 2015 letter is attached hereto and incorporated herein by reference as *Exhibit D*.

4

16. Comprehensive did not agree to the conditions for the forbearance offered by Daniels and did not cure its default by paying the amounts owed to Daniels.

17. Thus, on April 1, 2015, Daniels sent Comprehensive a final letter notifying it that, pursuant its previous correspondence, effective immediately, the Agreement was terminated. A true and correct copy of the April 1, 2015 letter is attached hereto and incorporated herein by reference as *Exhibit E*.

18. Daniels has been damaged by Comprehensive's breach of the Daniels Agreement and its failure to pay Daniels pursuant to the terms thereof.

19. As of the date of this Complaint, Comprehensive owes Daniels in excess of $625,000.00 for services and material provided by Daniels.

20. Additionally, Daniels has been further damaged in an amount to be proven at trial by the fact that due to Comprehensive's breach, Daniels was forced to terminate the Agreement prior to its expiration, and but for the termination, Comprehensive was obligated to use Daniels for the entire term of its contract with University Hospitals – through August 31, 2017.  (See Exhibit A).

21. Daniels is also a party to the UH Agreements with UH which require Daniels to independently provide sharps-collection services directly to UH.

22. On information and belief, Defendants have separate agreements with UH whereby Defendants agree to act as agents for UH in connection with Daniels's provision of its services to UH and then to tender monies directly to Daniels that UH earmarks for it that UH is committed to paying Daniels under the UH Agreements.

23. Defendants act as UH's agents *vis-à-vis* the UH Agreements.

24. To that end, UH has specifically requested that Daniels treat Defendants as UH's agents for, among other things, UH's payments to Daniels for Daniels's waste-disposal services.

25. Hence, UH has made payments directly to Defendants that are earmarked for Daniels and that Defendants are, and at all relevant times were, obligated to pay Daniels for the services that Daniels has performed for UH.

26. Despite receiving monies from UH in connection with the UH Agreements, and instead of tendering those amounts directly to Daniels, Defendants have wrongfully kept and assumed dominion, custody, and control over such.

27. Upon information and belief, UH continues to make payments to Defendants under the UH Agreement.

28. Defendants have failed or otherwise refused to tender payments to Daniels, despite having no ownership interest in or legal title to such monies.

29. The amounts that UH has paid, and continues to pay, Defendants that Defendants are obligated to, in turn, tender to Daniels is readily and specifically identifiable.

30. Defendants have converted the amounts that should have been tendered to Daniels for their own benefit.

**COUNT I – BREACH OF CONTRACT**
(A<span>GAINST</span> C<span>OMPREHENSIVE</span>)

31. Daniels incorporates Paragraphs 1 through 30 above as though fully alleged herein as Paragraph 31 of Count I.

32. Daniels and Comprehensive entered into a valid and enforceable contract (the Daniels Agreement) whereby Daniels would provide for the treatment of biomedical waste managed by Comprehensive at UH.

33. Daniels has fully performed all of its obligations under the Daniels Agreement. including all conditions precedent required of it.

34. Comprehensive breached the Daniels Agreement by failing to pay Daniels the amounts that it owes for services that Daniels has rendered and products that it has delivered.

35. Comprehensive further breached the Daniels Agreement by causing Daniels to terminate the Daniels Agreement prior to the expiration on its terms, August 31, 2017.

36. Comprehensive's breach proximately caused Daniels to incur damages.

37. As a direct and proximate result of the breach, Daniels has been damaged in an amount in excess of $100,000 for services and material provided, plus additional damages resulting from the termination of the Agreement.

WHEREFORE, Plaintiff, Daniels Sharpsmart, Inc., hereby prays for judgment in its favor and against Defendant, Comprehensive Waste Stream Consulting, LLC, in an amount in excess of $100,000.00 to be specifically proved at trial, for pre-judgment interest on all amounts owed, and for such further relief that this Court deems just and appropriate.

## COUNT II – CONVERSION
### (AGAINST ALL DEFENDANTS)

38. Daniels incorporates Paragraphs 1 through 30 above as though fully alleged herein as Paragraph 38 of Count II.

39. By virtue of the UH Agreements, Daniels has a right to possession to the monies that UH has paid to Defendants that was to be rightfully turned over to Daniels.

40. These monies were specifically identifiable, as they were provided to Defendants by UH pursuant to the UH Agreements and earmarked specifically for Daniels for payment.

41. Rather than tendering the UH money to Daniels, Defendants instead wrongfully retained it and converted it for their own use, thus disposing of Daniels's otherwise proper rights to it.

42. Daniels has repeatedly made demand to Defendants to pay all UH amounts to which Daniels is entitled, but Defendants have either committed to making such payments without ever doing so, or completely ignored Daniels's demands.

43. As a result of Defendants' wrongful conversion of the UH money, Daniels has been damaged in excess of $100,000.00.

WHEREFORE, Plaintiff, Daniels Sharpsmart, Inc., hereby prays for judgment in its favor and against Defendants, Comprehensive Waste Stream Consulting, LLC and Gary McDermott, in an amount in excess of $100,000.00 to be specifically proved at trial, for pre-judgment interest on all amounts owed, and for such further relief that this Court deems just and appropriate.

### COUNT III – CONSTRUCTIVE TRUST
(A<span>GAINST</span> A<span>LL</span> D<span>EFENDANTS</span>)

44. Daniels incorporates Paragraphs 1 through 30 above as though fully alleged herein as Paragraph 44 of Count III.

45. Defendants are currently holding title to certain UH payments made pursuant to the UH Agreements that were to rightfully have been made to Daniels.

46. Defendants only obtained such payments under the auspices of an agency relationship with UH whereby they committed to UH that they would, in turn, tender the monies to Daniels for the services that Daniels performed for UH.

47. Upon information and belief, Defendants continue to receive payments from UH for services that Daniels has performed for UH that Defendants refuse to tender to Daniels.

48. Defendants' possession of such UH payments is wrongful.

49. Daniels requests that a constructive trust be imposed on all such amounts that Defendants receive from UH under the UH Agreements that should be tendered to Daniels.

50. In the event that no constructive trust is imposed and Defendants continue to wrongfully retain the monies that UH pays them to in turn pay Daniels, Defendants will be unjustly enriched.

WHEREFORE, Plaintiff, Daniels Sharpsmart, Inc., hereby prays for Judgment in its favor and against Defendants, Comprehensive Waste Stream Consulting, LLC and Gary McDermott, imposing a constructive trust on all amounts that Defendants received and continue to receive from University Hospitals to be tendered to Daniels, and for such further relief that this Court deems just and appropriate.

*/s/ Gary W. Johnson*
**GARY W. JOHNSON (0017482)**
GJohnson@westonhurd.com
**MATTHEW C. MILLER (0084977)**
MMiller@westonhurd.com
**Weston Hurd LLP**
The Tower at Erieview
1301 East 9th Street,  #1900
Cleveland, Ohio  44114-1862
216/241-6602   (Fax:  216/621-8369)

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

**CHRISTOPHER M. HEINTSKILL**
cheintskill@lplegal.com
Levenfeld Pearlstein LLC
2 North LaSalle Street,  #1300
Chicago, Illinois  60602
312/476-7547   (Fax:  312.346.8434)
(Applying for *pro hac vice*)

9