**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DANIELS SHARPSMART, INC.,** ) | CASE NO.  1:15-cv-02234-DAP |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | <u>CMC MINUTES,</u> |
| ) | <u>SHOW CAUSE ORDER,</u> |
| **COMPREHENSIVE WASTE STREAM** ) | <u>and ORDER GRANTING MOTION TO</u> |
| **CONSULTING LLC, and GARY** ) | <u>DISMISS</u> |
| **MCDERMOTT,** ) | |
| ) | |
| Defendants. ) | |

**I. Case Management Conference Minutes**

On June 7, 2016, the Court held a scheduled Case Management Conference. Cameron Grant and attorney Gary W. Johnson attended for Plaintiff Daniels Sharpsmart Inc. Jim Paul and attorneys Francis P. Manning and Josephine L. Begin attended for Defendant Comprehensive Waste Stream Consulting LLC. Attorneys Manning and Begin attended also for Defendant Gary McDermott, but Gary McDermott was not present.

The Court, counsel, and parties present discussed the facts underlying the case. The parties engaged in settlement discussions. At the conclusion of the discussions, a litigation

schedule was set:

- Amended pleadings are due by July 15, 2016;

- A follow-up teleconference is scheduled for 12:30 p.m. on August 24, 2016; and

- Discovery is due by October 7, 2016.

The Court also granted the outstanding Motion to Dismiss, Doc #: 11. Finally, the Court set a contempt hearing for 11:45 a.m. on June 8, 2016.

**II. Motion to Dismiss**

On April 1, 2016, Defendant Gary McDermott moved the Court to dismiss the Complaint against Defendant McDermott personally. Doc #: 11. Plaintiffs filed an Opposition on May 27, and Defendants filed a Reply on June 2.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, the Complaint sounds in contract, not tort. Plaintiff has not sufficiently pled claims for conversion, fraud, or otherwise against Gary McDermott individually, under *Iqbal* and *Twombly* pleading standards.

Accordingly, the Motion to Dismiss, Doc #: 11 is GRANTED, and Gary McDermott is dismissed at this time. However, should Plaintiff develop evidence of conversion or other tortious conduct on the part of Gary McDermott, Plaintiff may amend the Complaint to re-add Gary McDermott.

**III. Show Cause Order**

On May 16, 2016, the Court scheduled the June 7 Case Management Conference, specifically "to be attended by counsel and all parties." On May 17, the Case Management Conference Scheduling order re-iterated, particularly unambiguously, "**LEAD COUNSEL AND ALL PARTIES SHALL ATTEND THIS CONFERENCE IN PERSON.**" Doc #: 13 (citing LR 16.3(b) ("Lead counsel of record must participate in the Conference and parties must attend unless, upon motion with good cause shown or upon its own motion, the Judicial Officer allows the parties to be available for telephonic communication.")).

On June 7, 2016, without filing a motion to excuse his appearance or for permission to appear telephonically—and in fact without giving any notice whatsoever to the Court—Gary McDermott failed to appear at the Case Management Conference.

Accordingly, on June 8, 2016, at 11:45 a.m. in Courtroom 18B, Gary McDermott must appear and show cause why the Court should not hold him in contempt. Furthermore, if Gary McDermott acted under advice of counsel in failing to appear for the Case Management Conference, that attorney is also ordered to appear.

IT IS SO ORDERED.

*/s/ Dan A. Polster     June 7, 2016*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**